IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF METROPOWER, INC. D/B/A COLUMBUS POWER, | * * | |
| Claimant, | * | |
| vs. | * | CASE NOS. 4:18-CV-1 (CDL) 4:18-CV-35 (CDL) |
| DARWIN NATIONAL ASSURANCE COMPANY D/B/A ALLIED WORLD INSURANCE COMPANY and GSC CONSTRUCTION, INC., | * * * | |
| Respondents. | * * | |

## O R D E R

MetroPower, Inc. brought two Miller Act actions against GSC Construction, Inc. and its performance bond surety, Darwin National Assurance Company d/b/a Allied World Insurance Company. Both actions are based on construction projects performed at Fort Benning, Georgia. The first project was the construction of Buildings 2944 and 2945, and that project is the subject of Case No. 4:18-cv-1. The second project was the construction of Building 972, and that project is the subject of Case No. 4:18-cv-35. The parties agreed that both actions should be stayed pending arbitration, and the Court granted the parties' motions to stay. The arbitrator conducted a consolidated hearing on both matters, receiving documentary evidence and hearing testimony. The arbitrator issued a written award concluding

that the weight of the evidence supports MetroPower's position with regard to both projects. The arbitrator awarded MetroPower $56,678.00 against GSC and Allied on the Building 972 project and $68,691.00 against GSC and Allied on the Buildings 2944/2945 project. Arbitrator Award 6, 10, ECF No. 25-1 in 4:18-cv-1 & ECF No. 21-1 in 4:18-cv-35. Both awards are against GSC and Allied jointly and severally.

GSC and Allied filed motions to vacate the arbitration award (ECF No. 27 in 4:18-cv-1 & ECF No. 22 in 4:18-cv-35). MetroPower filed motions to confirm the arbitration award and for entry of judgment in accordance with the arbitration award (ECF No. 29 in 4:18-cv-1 & ECF No. 24 in 4:18-cv-35). As discussed below, the Court denies the motions to vacate and grants the motions to confirm.

## DISCUSSION

Both subcontracts at issue here state that they are subject to arbitration pursuant to the Georgia Arbitration Code, O.C.G.A. §§ 9-9-1 to 9-9-18, and the parties agree that the Georgia Arbitration Code is the governing statute. *See* Am. Compl. Attach. 1, Subcontract § 16.1(d), ECF No. 14-1 in 4:18-cv-1; Am. Compl. Attach. 1, Subcontract § 16.1(d), ECF No. 7-1 in 4:18-cv-35. Under the Georgia Arbitration Code, the "court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated

or modified by the court as provided in this part." O.C.G.A. § 9-9-12. The Code "places strict limits on the scope of a trial court's review of an arbitrator's award and on any subsequent review by an appellate court." *Brookfield Country Club, Inc. v. St. James-Brookfield, LLC*, 683 S.E.2d 40, 43 (Ga. Ct. App. 2009). The Code provides five exclusive grounds for vacating an arbitration award based on the application of a party who participated in the arbitration. *See* O.C.G.A. § 9-9-13(b). As the parties challenging the arbitration award, GSC and Allied have the burden "to come forward with evidence establishing the existence of one of the . . . statutory grounds for vacating the award." *Greene v. Hundley*, 468 S.E.2d 350, 353 n. 24 (Ga. 1996).

Here, GSC and Allied rely upon one ground for vacating the award: the "arbitrator's manifest disregard of the law." O.C.G.A. § 9-9-13(b)(5). To establish manifest disregard of the law, GSC and Allied must establish disregard that is "both evident and intentional." *ABCO Builders, Inc. v. Progressive Plumbing, Inc.*, 647 S.E.2d 574, 575 (Ga. 2007). "An [arbitrator] that incorrectly interprets the law has not manifestly disregarded it. It has simply made a legal mistake. To manifestly disregard the law, one must be conscious of the law and deliberately ignore it." *Id.* (quoting *Montes v. Shearson Lehman Bros., Inc.*, 128 F.3d 1456, 1461 (11th Cir.

3

1997)). "Therefore, to prove that a manifest disregard of the law has occurred, a party wishing to have an arbitration award vacated must provide evidence of record that, not only was the correct law communicated to an arbitrator, but that the arbitrator intentionally and knowingly chose to ignore that law despite the fact that it was correct." *Id.* "[T]his showing is an extremely difficult one to make[.]" *Id.* A reviewing "court is prohibited from weighing the evidence submitted before the arbitrator, regardless of whether the court believes there to be sufficient evidence, or even any evidence, to support the award." *Greene*, 468 S.E.2d at 354.

GSC and Allied assert that the arbitrator manifestly disregarded the law in two ways: (1) when he concluded that MetroPower's Miller Act payment bond claims were filed within one year of MetroPower's last work on the subcontracts and (2) when he based the arbitration award on change orders that GSC and Allied argue were unsigned. According to GSC and Allied, the "only credible evidence" before the arbitrator established that the work was completed more than one year and one day before MetroPower filed its Miller Act claims and that the change orders "largely were not signed by GSC or approved by the Army." Resp't's Mot. to Vacate 10, ECF No. 27 in 4:18-cv-1. Thus, GSC and Allied challenge the sufficiency of the evidence

4

supporting the arbitrator's award.[1] That is not enough to vacate the arbitration award. Instead, "there must be concrete evidence of [the arbitrator's] intent [purposefully to disregard the law] either in the findings of the arbitrator, if he or she chooses to make such findings, or in the transcript of the arbitration hearing." *ABCO Builders, Inc.*, 647 S.E.2d at 576. Here, the arbitrator's written findings do not evidence an intent to disregard the law. Based on the Court's review, the record does not contain a transcript of the arbitration hearing, and the parties did not point to anything else in the record that indicates the intent of the arbitrator in reaching the conclusion he did. In the absence of "viable concrete evidence that the [arbitrator] purposefully intended to disregard applicable law," it would be error to vacate the arbitrator's award. *Id.* (affirming court of appeals' decision to reverse the ruling of a superior court vacating an arbitration award because there was no evidence of a manifest disregard of the law). The Court thus concludes that GSC and Allied did not meet their burden of presenting evidence to establish a basis for vacating the arbitrator's award.

---

[1] Even if the Court were permitted to weigh the evidence and determine whether MetroPower's evidence supports the arbitrator's award—which the Court is not permitted to do—the Court could not do so based on the present record because the parties did not point to a transcript of the arbitration hearing or any of the documentary evidence that was presented to the arbitrator.

5

CONCLUSION

For the reasons set forth above, the Court denies GSC and Allied's motions to vacate (ECF No. 27 in 4:18-cv-1 & ECF No. 22 in 4:18-cv-35). The Court grants MetroPower's motions to confirm the arbitration award and for entry of judgment in accordance with the arbitration award (ECF No. 29 in 4:18-cv-1 & ECF No. 24 in 4:18-cv-35). The Clerk is directed to enter judgments in favor of MetroPower and against GSC and Allied, jointly and severally, in the amount of $56,678.00 in 4:18-cv-35 and $68,691.00 in 4:18-cv-1.

IT IS SO ORDERED, this 18th day of July, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
